```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RENE ROSALES, ANA ALFARO, JOSE
DOMINGUEZ, EDWARD ALCANTARA,
JOSE GONZALEZ, DELMY VELAZQUEZ, and
NOLVIA VELAZQUEZ, Individually and on
behalf of all others similarly situated,

                    Plaintiffs,

       -against-                                          **ORDER**
                                                          14-CV-4865 (JMA) (AKT)

HERITAGE INDIAN CUISINE,
ANIL RAI BHATIA and
NEIL BHATIA,

                    Defendants.
----------------------------------------------------------------X
```

FILED
CLERK
1/22/2018 3:25 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

This action was filed on August 14, 2014 and was previously before Judge Bianco. An Amended Complaint was filed on December 10, 2014. On March 19, 2015, Magistrate Judge A. Kathleen Tomlinson referred this case to mediation. The mediation was held on July 30, 2015; however, it proved to be unsuccessful. Therefore, on August 5, 2015, Judge Tomlinson entered a Case Management and Scheduling Order.

On April 6, 2017, Matthew Marks, Esq., counsel for plaintiffs Rene Rosales, Ana Alfaro, Jose Dominguez, Edward Alcantara and Jose Gonzalez filed a request for a pre-motion conference in contemplation of making a motion for summary judgment. Under the Court's Individual Rules, defendants were required to respond by April 13, 2017. Defendants failed to respond. On April 24, 2017, the Court issued a Scheduling Order directing Delmy Velazquez and Nolvia Velazquez to inform the Court in writing by May 10, 2017 as to their intent to join in the proposed motion for summary judgment. On May 24, 2017, the Court issued a Scheduling

1

Order directing Delmy Velazquez and Nolvia Velazquez to file a letter by June 10, 2017 indicating if they will be joining in the proposed motion for summary judgment. The order warned that failure to respond may result in their claims being dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). On July 18, 2017, counsel for Rene Rosales, Ana Alfaro, Jose Dominguez, Edward Alcantara and Jose Gonzalez filed a request for a pre-motion conference in contemplation of making a motion for default judgment. On July 20, 2017, the Court issued an Order directing plaintiffs Delmy Velazquez and Nolvia Velazquez to file a letter by August 20, 2017 indicating their intention with respect to the proposed motion for summary judgment and the proposed motion for a default judgment. They did not respond to any of these three orders.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar and protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. <u>Shannon v. G.E. Co.</u>, 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. <u>Id.</u>

Here, Delmy Velazquez and Nolvia Velazquez have failed to respond to the Court's three

directives. The Court has warned plaintiffs that failure to respond would result in the dismissal of their claims. After considering the relevant factors identified above, the Court concludes that Delmy Velazquez and Nolvia Velazquez's failure to comply with the Court's orders constitutes grounds for dismissal of their claims. Accordingly, Delmy Velazquez and Nolvia Velazquez's claims are dismissed, without prejudice, for failure to prosecute and noncompliance.

**SO ORDERED.**

Date: January 22, 2018
Central Islip, New York

 /s/ (JMA)
Joan M. Azrack
United States District Judge